IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:06cr205 (JCC) |
| | ) | |
| DAVID A. KAYE, | ) | |
| | ) | |
| Defendant. | ) | |

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant David A. Kaye's motion to dismiss the indictment, motion to dismiss for spoliation of evidence, and supplemental motion to dismiss indictment based upon unconstitutionality of the statute. For the reasons stated below, the Court will deny these motions.

### I. Background

On May 18, 2006, a grand jury returned a two-count indictment charging Defendant with one count of coercion and enticement in violation of 18 U.S.C. § 2422(b) and one count of travel with intent to engage in illicit sexual contact in violation of 18 U.S.C. § 2423(b). The events leading up to the indictment started on or around August 7, 2005 when Defendant, using the screen name REDBD, engaged in electronic instant message conversation with someone associated with the screen name MadC RAD1922. Additional internet "chats" occurred later in the morning of August 7, 2005 and on subsequent dates. The person

using the screen name MadC RAD1922 identified himself as a thirteen-year-old boy named Conrad.  The actual person with whom the Defendant was having conversation was an adult male working for Perverted Justice.

On August 17, 2005, Defendant traveled from Maryland to a single family home in Herndon, Virginia allegedly to meet Conrad.  Defendant entered the house and was confronted by a reporter from Dateline NBC.

On July 6, 2006, Defendant filed a motion to dismiss the indictment on the grounds that the indictment calls for a factually and legally impossible result and a separate motion to dismiss for spoliation of the evidence.  This Court heard argument on these motions on July 21, 2006.  On July 28, 2006, Defendant filed a supplemental memorandum in support of the motion to dismiss indictments based upon unconstitutionality of the statute.  These motions are currently before the Court.

**II. Analysis**

In his first argument, Defendant asks this Court to dismiss his indictment on the grounds that "an activity cannot be a violation of [Virginia Code] § 18.2-370[1] unless it is committed

---

[1] 18 U.S.C. § 2422(b) reads, "Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be

with a child under fourteen years of age," and, because there was no child involved in this case, the indictment is faulty.[2] (Def.'s Mot. 9.)  Section 18.2-370 of the Virginia Code addresses taking indecent liberties with children and reads, "A. Any person 18 years of age or over, who, with lascivious intent, knowingly and intentionally commits any of the following acts with any child under the age of 15 years is guilty of a Class 5 felony: . . . ."  Defendant insists that without establishing that he knowingly and intentionally propositioned a person under the age of fourteen for said acts, the Government is unable to establish the elements of the offense.  In support, Defendant cites *Moore v. State of Maryland*, 882 A.2d 256 (2005), which held that under Maryland law an individual cannot be convicted of an attempt to have sexual contact with a minor as a result of a meeting established on the Internet with a purported fourteen year old when, in reality, there were only adults involved.  The legal and factual impossibility, Defendant stresses, undermines the validity of Count I.

In response, the Government purports that the "elements of the offense are properly alleged and neither charge requires

---

fined under this title and imprisoned not less than 5 years and not more than 30 years."  The "criminal offense" at issue here is Virginia Code § 18.2-370.

[2]Although the styling of Defendant's motion suggests he seeks dismissal of the entire indictment, the substance of his motion only addresses Count I.

that the defendant's intended victim be an actual minor." (Govt's Opp. 2.)  The Government credits this statement with precedent, noting that "[e]very Federal Court of Appeals to address the issue has held that a defendant may violate 18 U.S.C. §§ 2422(b) and 2523(b) even if the intended victim is an undercover adult."  (Govt's Opp. 3.)  The Government then cites *United States v. Tykarsky*, 446 F.3d 458 (3rd. Cir. 2006), *United States v. Blazek*, 431 F.3d 1104 (8th Cir. 2005), *United States v. Sims*, 428 F.3d 945, 959-60 (10th Cir. 2005), *United States v. Meek*, 366 F.3d 705, 717-20 (9th Cir. 2004), *United States v. Root*, 296 F.3d 1222, 1227-29 (11th Cir. 2002), *United States v. Farner*, 251 F.3d 510, 513 (5th Cir. 2001), *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000).  The rationale for these opinions is sound and persuasive, even though the Fourth Circuit has yet to review the issue.

More on point to the Defendant's argument, however, is the Government's emphasis on the fact that Virginia law does not require an actual minor victim to sustain convictions pursuant to § 18.2-370.  The lack of a minor in the case is not a defense since Defendant believed his victim to be thirteen years old, which the indictment so reads.  The Government forwards *Hix v. Commonwealth*, 619 S.E.2d 80 (Va. 2005), as the appropriate precedent for this assertion.  The defendant in *Hix* was charged under § 18.2-370 with attempted indecent liberties with a minor,

and he appealed the conviction because there was in actuality no minor involved - the exact argument raised here.  The Supreme Court of Virginia upheld the conviction of the defendant, holding that the lower court "correctly determined that a police officer posing as a child in an internet chat room is only an impediment to the commission of the crime, an extraneous fact outside of the knowledge and control of the defendant," that "[t]he non-existence of a 'real child' does not make the crime of attempted indecent liberties inherently or legally impossible, but only factually impossible," and that factual impossibility is not a defense for this crime.  *Id.* at 86.  Furthermore,

> 'Whether the targeted victim is a child or an undercover agent, the defendant's conduct, intent, culpability, and dangerousness are all exactly the same.  Hence . . . impossibility is not a defense to a charge of criminal attempt when the defendant's actual intent[,] not limited by the true facts unknown to him[,] was to do an act or bring about a result proscribed by law.'

*Id.* (quoting *In re Doe*, 855 A.2d 1100, 1106 (D.C. 2004)).

Defendant attempts to respond to *Hix* in a footnote in his supplemental memorandum.  Defendant states that

> it is difficult to determine the true intent of an accused.  The fantastical and contrived internet world, where users' true identities are masked, is a haven for individuals to make assertions that they would never make outside of the intent [sic] and do not actually mean.  It is impossible to know what a person truly intends, and therefore, it is impossible to determine whether the realized intentions of individuals chatting in instances like the present case, would constitute a crime.

(Def.'s Mot. 6 n.3.)  This Court finds that the Defendant's response is wholly inadequate at distinguishing *Hix* from the present case.  *Hix* is valid precedent exactly on point with the issues raised here.

While it may be difficult to determine the intent of an accused, it certainly is not impossible, and this is exactly what a fact finder is asked to determine at trial.  Intent, whether determined via Internet chats or otherwise, is a routine finding in criminal law, and the difficulty in establishing intent is an additional challenge for the Government rather than a valid means for dismissing an indictment.  Accordingly, in acknowledging the extensive case law of other circuits on this issue and following the precedent of *Hix*, this Court will deny Defendant's motion to dismiss on the grounds that Count I violates § 18.2-370 of the Virginia Code.

Defendant also seeks dismissal of the indictment on the grounds that the evidence supporting the indictment is incomplete and garnered by a third-party Internet group, Perverted Justice. Particularly, Defendant complains of the Government's failure to provide Defendant with the identity and age of the person in the photograph that was purported to be Conrad.  Similarly, Defendant complains that he does not have a record of the phone calls in which Defendant allegedly participated.  However, Defendant acknowledges in his motion that "dismissing the indictments

herein for spoliation of evidence is a drastic remedy that typically requires that bad faith be proven (See *Cole v. Keller Industries*, 132 F. 3d 1044, 1047 (4h Cir. 1998) . . . ." (Def.'s Mot. 3.) The Court agrees with Defendant's concession.

Indeed, dismissing the indictment for alleged spoliation of the evidence by a third-party is drastic and accordingly inappropriate. The Government highlights the Supreme Court's opinion in *Arizona v. Youngblood*, which states that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." 488 U.S. 51, 58 (1988). Defendant concedes that any claim of wrongdoing in this case is attributable to Perverted Justice; no claims are made against the Government. Therefore, there are no legitimate grounds for granting the drastic remedy that Defendant requests. Any deficiency in the evidence can be remedied during cross-examination at trial and considered by the fact-finder.

Finally, Defendant argues in his supplemental memorandum that the Court should grant his motion to dismiss because the statute on which the indictment relies is unconstitutional. This Court deems this filing as grossly untimely, as it was filed over three weeks after the deadline for filing motions and raised even following oral argument on the subject. However, in denying the motion as untimely the Court

also notes the substantial and persuasive precedent cited by the Government that directly contradicts the Defendant's assertions. *See, e.g., United States v. Meek,* 366 F.3d 705, 721 (9th Cir. 2004); *United States v. Bredimus*, 352 F.3d 200, 210 (5th Cir. 2003).

### III. Conclusion

For the above stated reasons, the Court will deny Defendant's motions to dismiss.

August _4_, 2006                    _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE