UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:06-CR-205 |
| v. ) | |
| ) | Hon. James C. Cacheris |
| DAVID A. KAYE, ) | |
| ) | Hearing:  September 27, 2013 |
| Defendant. ) | |

## GOVERNMENT'S POSITION ON
## DEFENDANT'S SUPERVISED RELEASE VIOLATIONS

The United States hereby submits its position on the supervised release violations of the defendant, David A. Kaye, in accordance with 18 U.S.C. § 3583 and Federal Rule of Criminal Procedure 32.1.  The defendant does not dispute that he violated two conditions of his supervised release.  For the reasons that follow, the United States recommends that the defendant's supervision terms be modified to include the following additional terms: (1) as the defendant himself suggests, a total ban on computer access without prior approval and authorization from the defendant's probation officer; and (2) a brief period of incarceration.

### BACKGROUND

In September 2006, the defendant was found guilty after a bench trial of coercion and enticement, a violation of 18 U.S.C. § 2422(b), and travel with intent to engage in illicit sexual contact, a violation of 18 U.S.C. § 2423(b).  He committed these crimes the previous year: he engaged in sexually explicit conversations online with someone he thought was a thirteen-year-old boy, and based on those conversations he drove from Maryland to Virginia to have sex with the purported child.  When the defendant got to his destination, he discovered that he had been

the subject of a "sting" operation. In December 2006, the Court sentenced the defendant to a combined term of 78 months imprisonment, to be followed by 10 years of supervised release.

In January 2012, the defendant began his supervised release term under the direction of U.S. Probation Officer Deborah Thorpe in the District of Maryland. In addition to the standard and special conditions of supervised release that were imposed at sentencing, the defendant was subject to computer and internet use restrictions. *See* Computer & Internet Monitoring Program Participant Agreement ("Computer Monitoring Agreement"), signed Jan. 24, 2012 (attached as Exhibit A); Computer Monitoring Agreement, signed May 30, 2013 (attached as Exhibit B). These restrictions are incorporated by reference into the defendant's special conditions – specifically, Special Condition #6, which states: "The defendant shall not possess or use a computer to access any online computer services at any location . . . without the prior approval of the probation officer." Judgment dated Dec. 1, 2006 ("Judgment"), at 5 (Dkt. No. 77) (listing special conditions of supervision). As part of these computer restrictions, the defendant agreed to participate in a computer monitoring program.

The U.S. Probation Office filed the current petition before the Court on June 26, 2013. That petition states that the defendant has violated two special conditions of his supervised release. *See* Petition on Supervised Release ("Petition") (Dkt. No. 94). First, the defendant arranged for software to be installed on his computer without first getting permission from his probation officer. That software, which was supposed to block the defendant's access to the website Craigslist.org, had the effect of disabling the Probation Office's computer monitoring software.[1] This conduct violates Special Condition #6 and the incorporated Computer

---

[1] Craigslist is "a website where users post advertisements online for various items they are selling, or for things they want. It operates much the same way as the Classifieds section of a newspaper except it allows users to communicate with each other anonymously." *United States v. Helton*, 480 F. App'x 846, 847 n.1 (6th Cir. 2012) (citing http://www.craigslist. org).

2

Monitoring Agreement. Second, the defendant admitted that he viewed and responded to Craigslist personal ads that contained pornographic images. This conduct violates Special Condition #8.

The defendant, in his own words, "admits to the facts as set forth in the petition." Defendant's Position on Supervised Release Violation ("Defendant's Position Paper"), at 1 (Dkt. No. 107). Accordingly, the only issue before the Court is what action to take on the defendant's two violations.

## DISCUSSION

### I.    Legal Standard

Under 18 U.S.C. § 3583(e), the Court may continue, modify, or revoke a term of supervised release. To revoke a supervised release term, a court, after considering the factors in § 3553(a), need find only by a preponderance of the evidence that the defendant violated the terms of his release. 18 U.S.C. § 3583(e)(3); *see United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). When a court revokes a term of supervised release, it may impose a term of imprisonment equal to all or part of the supervised release term authorized by statute without credit for time served. When, as here, the underlying offenses are Class B felonies, the statutory maximum term of imprisonment is three years.[2] *See* 18 U.S.C. § 3583(e)(3). Instead of revocation, a court may modify the terms of supervision "pursuant to . . . the provisions applicable to the initial setting of the terms and conditions of post-release supervision." *Id.* § 3583(e)(2).

Under the United States Sentencing Guidelines, the defendant's offenses constitute a Grade C violation. *See* U.S.S.G. §7B1.1(a)(3). The Guidelines accordingly recommend that

---

[2]    At the time of the defendant's conviction, both of his statutes of conviction were Class B felonies. Section 2422(b) has since been amended to provide a maximum penalty – and in some instances, a mandatory penalty – of life imprisonment, making it a Class A felony.

3

supervised release be revoked, extended, or modified.  *Id.* §7B1.3(a)(2).  Because the defendant's criminal history was Category I at the time of sentencing, the Guidelines suggest imprisonment for his violations for a term between 3-9 months.  *See id.* §7B1.4.

## II.    Analysis

The defendant's behavior shows a disregard for the role of the Probation Office in supervising him during his ten-year term of supervised release.  His conduct thus warrants a modification to his supervision terms.

With respect to his first violation, the defendant agreed that as a special condition of his supervision, he would (1) "not purchase, download, possess and/or install any . . . software application, etc. without preapproval and authorization from [his] USPO";[3] and (2) "not change or attempt to change . . . any restrictions and/or settings established by [his] USPO[.]"  Exhibit A at 2; Exhibit B. at 2.  Yet the defendant did not consult with his probation officer – let alone seek her approval – before hiring a company to install website-blocking software on his computer.  However benign his intentions in installing such software, the defendant violated his supervision terms by intentionally keeping his probation officer in the dark.

Further aggravating this violation is the fact that the website-blocking software, once installed, disabled the probation officer's computer monitoring software.  Petition at 3.  The defendant was apparently unaware of this fact at the time.  Disabling the monitoring software is itself a violation.  *See* Computer Monitoring Agreement at 1 ("I agree not to attempt to . . . disable . . . any part of any monitoring software installed on my system by the USPO.").  The defendant's ignorance of the consequences of his actions reinforces the imperative that he comply with his supervision terms lest he undermine, intentionally or not, the probation officer's vital role in supervising his transition back to society.

---

[3]     "USPO" stands for U.S. Probation Officer.

Second, the defendant agreed that as a special condition of his supervision, he would "not have any access to or possess any pornographic material or pictures displaying nudity." Judgment at 5 (listing Special Condition #8). The defendant again showed disregard for the probation officer's role in his supervision by failing to be upfront with her about his conduct. Although he viewed pornographic images on the Craigslist website in March and April 2013 – an express violation of his supervision terms – he did not admit this to his probation officer until May 30, 2013. Petition at 3. The defendant did not even report this conduct to his mental health clinician, Dr. Ronald Weiner, until he was "on the cusp of . . . being required to complete a scheduled maintenance polygraph." Dr. Weiner Letter dated Sept. 16, 2013, at 2 (Dkt. No. 107-1). The defendant's behavior speaks to his general "failure to be open and honest" with his probation officer and treatment provider, as stated in the petition. Petition at 3.

Even now, the defendant resists the probation officer's assessment of his conduct. He repeatedly characterizes his violation of Special Condition #8 as "inadvertent." Defendant's Position Paper at 1, 6, 8. But the defendant perused Craigslist sex ads for two months. There can be no doubt that during this time, if not from the outset, he became aware of the website's nude content – yet continued to seek out these images.

Given the nature and circumstances of the defendant's violations and his history and characteristics, the government recommends that the Court modify the defendant's terms of supervised release. All standard and special conditions of supervised release, including the terms of the Computer Monitoring Agreement and the defendant's participation in weekly treatment services, should continue. The government recommends the following modifications:

    1.    A total ban on computer access without prior approval and authorization from the defendant's probation officer. The defendant in his own words states that he is willing to give up

his access to his computer entirely. *See* Defendant's Position Paper at 1, 8 ("Mr. Kaye is willing to forfeit access to his computer entirely."). Given the defendant's offense conduct and his online behavior since entering supervised release, the government recommends acceptance of the defendant's offer.

2.   Brief period of incarceration, to be served intermittently and with accommodations for the defendant's work schedule. The government submits that some period of incarceration, however brief, is warranted to promote the defendant's respect for the terms of his supervised release and the role of the Probation Office, and to adequately deter him from engaging in future conduct of this nature.

## CONCLUSION

For the reasons stated above, the United States recommends that the Court modify the terms of the defendant's supervised release to include a ban on computer access without prior approval and authorization from the defendant's probation officer, and a brief period of incarceration, to be served intermittently.

Date: September 25, 2013                              Respectfully submitted,

                                                      Dana J. Boente
                                                      Acting United States Attorney

                                            By:      /s/ Maya D. Song
                                                      Maya D. Song
                                                      Assistant U.S. Attorney
                                                      United States Attorney's Office
                                                      Eastern District of Virginia
                                                      2100 Jamieson Avenue
                                                      Alexandria, Virginia 22314
                                                      Phone: (703) 299-3700
                                                      Fax: (703) 299-3980
                                                      Email: Maya.Song@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send a Notification of Electronic Filing (NEF) to the following counsel of record:

Patrick N. Anderson
Patrick N. Anderson and Associates PC
333 N. Fairfax Street, Suite 310
Alexandria, VA 22314
(703) 519-7100
panderson@pnalaw.com

Jessica Nicole Carmichael
Patrick N. Anderson and Associates PC
333 N. Fairfax Street, Suite 310
Alexandria, VA 22314
(703) 519-7100
jcarmichael@pnalaw.com


By:     /s/ Maya D. Song
        Maya D. Song
        Assistant U.S. Attorney
        United States Attorney's Office
        Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: (703) 299-3700
        Fax: (703) 299-3980
        Email: Maya.Song@usdoj.gov