IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CASE NO.: 1:06CR205-001 |
| ) | |
| DAVID KAYE, ) | |
| ) | |
|     Defendant. ) | |

**DEFENDANT'S POSITION ON SUPERVISED RELEASE VIOLATION PETITION**

COMES NOW the Defendant, DAVID KAYE, (hereinafter referred to as "Kaye"), by counsel, and files the following memorandum to be considered by the court at his sentencing.

**PROCEDURAL HISTORY**

Kaye was convicted of violating 18 U.S.C. §2422(b) and 18 U.S.C. §2423(b) and sentenced by this Court on December 1, 2006 to a period of 78 months incarceration and ten years of supervised released. On January 13, 2012, Mr. Kaye was released from the Montgomery County PreRelease Center to begin his term of supervised release. He is currently supervised by Probation Officer, Cynthia C. Suter. Kaye had one (1) prior violation, heard by this Court on September 27, 2013. At that hearing he was given five (5) days active incarceration, and ten (10) years of supervised release with the added condition that he not access internet devices without prior approval.

Kaye is scheduled to appear before this Court for a probation violation hearing on May 14, 2015 at 10:00 a.m. The violation is based on non-compliance with two (2) of the special

terms of probation ordered by this Court. Specifically, possessing multiple electronic devices to access the internet without prior approval, and possessing two (2) DVD's of adult pornography.

The Assistant United States Attorney and Defense Counsel have agreed to a recommended disposition of three (3) months combined with a return to therapy and stricter conditions on Kaye's computer use.

## BACKGROUND

Kaye is 62 years old. He is a father to two daughters and a grandfather to a grandson. Kaye struggled with his sexuality for years. He married his wife in 1972 but throughout his marriage he battled attractions to other men. Nevertheless, Kaye hid these feeling and outwardly he, his wife, and their two daughters were a model family. They lived in Maryland where he worked as a rabbi and his wife was a school teacher. He describes this time as the happiest period in his life. Kaye is deeply religious, and loved teaching Judaism. He enjoyed being part of people's lives, both in their times of need and in times of joy.

After he was passed over for a promotion, Kaye left his synagogue in Maryland where he had been an assistant rabbi for eighteen years. Kaye and his family moved briefly to San Antonio, Texas to pursue another rabbinical position, however, the experience was not what they had hoped, and they moved back to Maryland after only four months. Kaye found work at a nonprofit organization planning school programs for Jewish teens.

Meanwhile, Kaye and his wife began divorce proceedings. Their thirty-year marriage ended primarily because Kaye finally confronted his sexuality and no longer denied he was gay. Though their relationship was strained immediately after the split, Kaye and his ex-wife are now on good terms. Kaye also maintains a good relationship with his two children, although he

admits his criminal conduct created distance between him and his daughters.  He is unsure they will ever be as close as they once were.

After four years back in Maryland, Kaye committed the underlying offense.  While in an online chat room, Kaye planned a sexual encounter with someone he believed was a thirteen year old male.  This individual was actually an adult undercover and an actor on Dateline's television show *To Catch a Predator*.  Thus, Kaye's arrest was not only the lowest point in life, it also became national entertainment.

Following a bench trial, Kaye was convicted on Counts I and II and sentenced to 78 months incarceration.  He immediately began serving his sentence and was released from custody on January 1, 2013.

While some individuals funneled through the prison system are released without serious lasting effects, the difficulties reentering civil society as a registered sex offender are well-known.  Neighborhoods are often leafleted, computer databases advertise and encourage searches, and of course finding employment can be almost impossible. In a dissenting opinion, Justice Ginsburg recognized these difficulties, and discussed community notification's "onerous and intrusive obligations" on the offender, the resulting "profound humiliation and community-wide ostracism," its resemblance to historical practices of shaming, reliance upon convictions rather than present dangerousness, and the law's "excessiveness in relation to its non-punitive purpose."  *Smith v. Doe*, 123 S.Ct 1140 (2003).

Kaye experiences these difficulties in the extreme.  The circumstances surrounding his arrest have made his re-entry process excruciating.  Simply typing Kaye's name in an internet browser reveals hundreds of video clips and news articles.  Literally any person in the world

3

connected to the internet can watch Kaye's crime being committed over and over again, and his face dons the cover of the *To Catch a Predator* book. It is difficult to imagine the negative effect this type of infamy would have on one's mental state and self-worth.

To supervise Kaye's internet access, a special condition was ordered that he not possess any electronic devices without prior approval from his probation officer. As to the violation of condition number 6, the report alleges that on March 2, 2015 an Apple iPhone was found in Kaye's possession. During a meeting with Unites States Probation Officer Jessica Turro, Kaye's phone went off and was discovered. It was later revealed that Kaye possessed a number of other electronic devices at his home. In detailing the alleged violation, the probation officer's report explains that Kaye possessed a number of electronic devices which he used to access the internet, personal email, and "J Date," a Jewish singles dating site.

As to the violation of condition number 8, the report alleges that on April 4, 2015 two (2) adult pornography DVD's were recovered from Kaye's home. The DVD's were discovered when Kaye's home was searched for electronic devices.

It should also be noted that Kaye has been successful in other areas of probation. He participates in sex offender treatment through Clinical and Forensic Services. For treatment Kaye sees his therapist, Dr. Ronald Weiner, an experienced treatment provider who has been working with sex offenders for over 20 years. Until January 2015 Kaye attended weekly treatment group sessions. In January the weekly group meetings stopped when Kaye was moved to aftercare because of the progress he had been making. On December 30, 2014 Kaye successfully passed his maintenance polygraph exam.

Additionally, Kaye has maintained full time employment with Gate Gourmet for the past two (2) years.  Gate Gourmet supplies roughly 75% of the catering for all airlines that fly out of the Dulles Airport.   When he was first released from incarceration, Kaye, like many convicted felons, struggled to find a job.  After over a yearlong employment search Kaye was hired by Gate Gourmet in March of 2013.  Since then he has maintained stable full time employment and earned a degree of normality back into his life.  This has not only provided stability for Kaye, but also assisted in his recovery.  After being arrested on this violation Gate Gourmet was forced to terminate Kaye's employment as their company could not hold a position for someone with no date of return.  A representative from the Human Resources department informed Kaye's brother that Kaye was still on good terms with the company and had not been terminated for cause.  Gate Gourmet would like Kaye to return when he is released, and if a position is still available they would gladly re-hire him.

## ARGUMENT

Kaye understands that he has made some poor choices and accepts responsibility for the mistakes he has made.  He sees the mess he has made and is ashamed of his current life situation.  While he has made a number of mistakes and is prepared to accept the consequences those poor decision yield, Kaye also understands the importance of therapy and how it can be used as a tool to change behavior and conduct.

It is important to note that Kaye has not committed a new offense.  He has not hurt anyone.  For the three years he has been on probation it has not been alleged that he has had any inappropriate contact with children, or viewed any inappropriate material related to children.  Kaye has successfully used therapy to work through those issues.

When asked about the issue Dr. Wiener stated that Kaye desperately wants to feel normal, and that this desire was a key contributing factor. The stigma and isolation Kaye has faced since his underlying offense has left deep scars that themselves need to be treated.

In hind sight Kaye realizes that even though he was not using the devices to do anything illegal he did not have the right to violate this Court's order by possessing them.  He understands that even though he is an adult, certain behavior and privileges are no longer afforded to him because of his prior misconduct.  Kaye understands that regardless of his personal feelings, he should have done what was necessary to comply with all of the conditions placed upon him.

When an individual commits an offense the criminal justice system serves a dual purpose. It is not intended to be solely punitive, but also reformatory.  Therapy is specifically ordered with these types of charges because it is integral to the reformatory side.  Therapy treats the underlying problem and prevents recidivism by teaching someone how to change their behavior. In seeking reform, therapy is much more important than incarceration. Therapy is the tool through which the underlying problem itself is addressed, which subsequently ensures that the wrong that was done never occurs again.  This is true not only for criminal behavior, but for any behavior.

Kaye has successfully used therapy to work through his issues involving children.  This success shows Kaye's ability to effectively use therapy to modify his behavior**.**  His previous experience in therapy gave Kaye the insight necessary to successfully change his behavior, and there is no reason to believe he will not be able to do so again.  Kaye would like to return to treatment to address the inadequacy, insecurity, and other issues necessary to modify his behavior to conform to this Court's orders and continue the progress he has made.

The purpose of this hearing is to address the need for strict compliance with the special conditions of Kaye's probation. There are more effective methods to address this issue than lengthy periods of incarceration. The Sentencing Guidelines on this violation recommend a sentence of three (3) to nine (9) months active incarceration. The Assistant United States Attorney and Defense Counsel have agreed to a recommended disposition of three (3) months combined with a return to therapy and stricter conditions on Kaye's computer use. Specifically, the addition of a condition restricting Kaye's computer use to that required by work, and living essentials, such as paying bills.

Kaye has neither been charged with nor convicted of any new offenses. Kaye has neither hurt anyone, nor has he re-offended. Despite the set backs listed in this violation Kaye has made progress on his path to rehabilitation. A sentence of more than three (3) months would be counter productive to this progress. Placing Kaye in therapy would provide him a tool through which successful compliance can be achieved. A disposition of three (3) months, return to therapy, and the implementation of a condition requiring stricter computer access, is the best way to solve the problems set out in this violation. Any additional period of active incarceration would only serve to delay treatment and risk preventing Kaye from regaining employment.

WHEREFORE, the Defendant, DAVID KAYE, respectfully requests this Court impose a disposition of three (3) months active incarceration, a return to therapy, and the implementation of a condition limiting Kaye's computer use to that required by work and things essential to daily life.

                                       Respectfully submitted,

                                       DAVID KAYE
                                       By Counsel


PATRICK N. ANDERSON & ASSOCIATES, PC


_____/s/_____
Anna C. Chludzinski, Esq.
VA Bar # 81361
333 N. Fairfax Street, Suite 310
Alexandria, Virginia  22314
(703) 519-7100 phone
(703) 519-7104 facsimile
annacc@pnalaw.com


**CERTIFICATE SERVICE**

        I hereby certify that on the 11th day of May 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

The United States Attorney for The Eastern District of Virginia
2100 Jamieson Ave.
Alexandria, Virginia 22314
(703) 299-3700

_____/s/_____
Anna C. Chludzinski, Esq.
VA Bar # 81361
333 N. Fairfax Street, Suite 310
Alexandria, Virginia  22314
(703) 519-7100 phone
(703) 519-7104 facsimile
annacc@pnalaw.com