IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:06-CR-205 |
| ) | |
| v. ) | The Honorable James C. Cacheris |
| ) | |
| DAVID A. KAYE, ) | Hearing: May 14, 2015 |
| ) | |
| Defendant ) | |

**GOVERNMENT'S POSITION WITH RESPECT
TO DEFENDANT'S SUPERVISED RELEASE VIOLATIONS**

The United States of America, pursuant to 18 U.S.C. § 3583 and Rule 32.1 of the Federal Rules of Criminal Procedure, submits this memorandum on the supervised release violations of David A. Kaye (hereinafter, "defendant"). For the reasons stated below, and based on the information contained in the most recent Petition on Supervised Release, the Government recommends that this Court adopt the parties' joint recommendation, continue the defendant on supervised release, and impose a term of imprisonment of three months.[1]

**A. Background**

In September 2006, following a bench trial, the defendant was found guilty of coercion and enticement, in violation of 18 U.S.C. § 2422(b), and travel with intent to engage in illicit sexual contact, in violation of 18 U.S.C. § 2423(b). These convictions were based on the defendant's conduct in 2005: he engaged in sexually explicit conversations online with someone

---

[1] United States Probation Officer Jessica Turo has indicated that there may be additional information on the defendant's violations that would be relevant to the Court's disposition of this matter, but the Government has not yet received that information. The parties' joint recommendation is thus based solely on the information contained within the Second Petition.

he thought was a thirteen-year-old boy; based on those conversations, he drove from Maryland to Virginia to have sex with the purported child.  When the defendant arrived at his destination, he discovered that he had been the subject of a "sting" operation.  In December 2006, the Court sentenced the defendant to a combined term of 78 months of imprisonment, followed by 10 years of supervised release.

In January 2012, the defendant began his term of supervised release.  The terms of his supervised release include special conditions prohibiting the defendant from possessing or using a computer to access any online computer services without the prior approval of the probation officer, and from possessing any pornographic material.

### B.  Prior Violations

On June 26, 2013, Senior U.S. Probation Officer Cynthia Suter submitted a Petition on Supervised Release (the "Petition"), stating that the defendant had violated two special conditions of his supervised release.  First, the defendant arranged for software to be installed on his computer without first getting permission from his probation officer.  That software disabled the Probation Office's computer monitoring software.  Second, the defendant admitted that he viewed and responded to Craigslist ads that contained pornographic images.

On September 27, 2013, this Court found the defendant to be in violation of his supervised release.  His supervised release was revoked.  The Court imposed a new 10-year term of supervised release, with the additional conditions that the defendant serve five days of incarceration and that he be banned from any access to computers or internet device without the prior approval of the probation officer.

### C. Current Alleged Violations

On April 8, 2015, Officer Suter submitted a Petition on Supervised Release (the "Second Petition"), again alleging that the defendant violated two special conditions of his supervised release.

First, the Second Petition alleges that the defendant violated the special condition that prohibits him from accessing the internet without the prior approval of his probation officer. The defendant is supervised by U.S. Probation Officer Jessica Turo in the District of Maryland. During a March 2, 2015 meeting with the defendant at his treatment provider's office, Officer Turo discovered that the defendant was in possession of an internet-connected Apple iPhone. Officer Turo did not have prior knowledge that the defendant possessed the iPhone, nor had she granted him permission to access the internet from the device.

On April 3, 2015, while conducting computer monitoring, Officer Turo discovered that the defendant was using unapproved internet-capable devices to access the internet. Officer Turo conducted a home visit and discovered that the defendant possessed multiple internet-capable devices, including a Samsung Galaxy S-5 smartphone, a Verizon Ellipsis tablet, and a Nook E-Reading device. A Verizon Service Agreement for the Samsung Galaxy S-5 smartphone dated August 9, 2014, and a receipt for purchase of the Nook dated March 19, 2013, were also recovered. During this home visit, the defendant admitted to Officer Turo that he used the devices to engage in sexually explicit conversations with unknown men.

In addition, the Second Petition alleges that the defendant violated the special condition that prohibits him from possessing pornography. During the home visit described above, Officer Turo discovered two adult pornography DVDs at the defendant's residence.

**D.  Legal Standard**

Supervised release revocation hearings are not intended to be formal trials, and the Federal Rules of Evidence need not be strictly observed.  *Morrisey v. Brewer*, 408 U.S. 471, 484 (1972); *United States v. Cates,* 402 F.2d 473, 474 (4th Cir. 1968).  Revocation of supervised release requires that a court find by a preponderance of the evidence that the defendant violated the terms and conditions of release.  18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).  Upon such a finding, a court may: revoke supervised release and impose a term of imprisonment equal to all or part of the supervised release term authorized by statute, without credit for time served; extend, under certain conditions, the term of supervised release; or modify, reduce, or enlarge the conditions of supervised release.  18 U.S.C. § 3583(e).  When, as here, the underlying offenses are Class B felonies, the statutory maximum term of imprisonment is three years.[2]  Where a court revokes supervised release and imposes a term of imprisonment, it may impose another period of supervised release after imprisonment.  18 U.S.C. § 3583(h).

In considering what particular action to take, 18 U.S.C. § 3583(e) directs courts to consider certain factors set forth in 18 U.S.C. § 3553(a) to determine whether to modify or revoke a term of supervised release.  Courts are to take into account the following factors, to the extent the factors are applicable to the case at issue:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) affording "adequate deterrence to criminal conduct;" (3) protecting society from further crimes of the defendant; (4) providing the defendant with needed training and/or treatment; (5) the types of sentences available and the

---

[2] At the time of the defendant's conviction, both of his statutes of conviction were Class B felonies.  Section 2422(b) has since been amended to provide a maximum penalty – and in some instances, a mandatory penalty – of life imprisonment, making it a Class A felony.

applicable sentencing range; (6) any "pertinent" U.S.S.G. policy statement; (7) the need to prevent unwarranted "sentencing disparities;" and (8) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

The U.S. Sentencing Guidelines provide non-binding policy statements regarding supervised release violations. U.S.S.G. § 7A1; *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995). In this case, the defendant's violations constitute Grade C violations under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2). At the time of sentencing, the defendant's criminal history fell into Category I of the Guidelines. Under the Guidelines, Grade C violations and a Criminal History Category I suggest a term of imprisonment of three to nine months. *See* U.S.S.G. § 7B1.4(a).

### E. Analysis

The Government recommends that this Court adopt the parties' joint recommendation by continuing the defendant on supervised release and imposing a three-month term of imprisonment, which falls within the advisory Guidelines range. Such a term of imprisonment is appropriate because the violations alleged in the Second Petition reveal a defendant who has engaged in a pattern of deceptive behavior and disregarded the terms of his supervised release over an extended period of time. It appears that the defendant purchased the Nook device in March 2013 and purchased the Samsung Galaxy S-5 in August 2014. As a result, for more than two years, the defendant secretly possessed internet-connected devices in violation of the terms of his supervised release, using these devices to covertly access the internet and engage in sexually explicit conversations with unknown men.

Further, the defendant's current violations are more egregious than his 2013 violations

and suggest an escalating pattern of behavior.  In 2013, the defendant argued that his viewing of pornographic images on Craigslist was inadvertent and that his actions in disabling the computer-monitoring software on his computer were motivated by a desire to block his access to Craigslist.  *See* Defendant's Position Paper, Dkt. No. 107.  This time, there can be no doubt that the defendant acquired the unauthorized devices in order to covertly access the internet, in willful disregard for the terms of his supervised release.  It is also concerning that, when the defendant was previously found to be in violation of the terms of his supervised release in 2013, he represented to this Court that he was willing to forfeit all access to the internet.  As this Court is now aware, this representation was false, as the defendant secretly obtained the recently discovered internet-connected devices shortly thereafter.  The extent of deception in this case also appears to extend beyond the defendant's actions in lying to his probation officer; it also appears that the defendant has failed to be forthcoming with his treatment provider.  Since Officer Turo discovered the defendant's devices, the defendant has been discharged from treatment as unsuccessful.

     Based on the extent of the defendant's deceptive conduct, the five days of imprisonment that resulted from his previous supervised release violation failed to deter him.  Considering the nature and characteristics of the defendant, his offense conduct, the need to deter future misconduct, and the deceptive nature of his violations, the Government respectfully requests that this Court adopt the parties' joint recommendation by continuing the defendant on supervised release with all the standard and special conditions currently in place and imposing a three-month term of imprisonment.  The Government has no objection to the defendant receiving

credit for the time he has already served on this Petition.

                Respectfully submitted,

                Dana J. Boente
                United States Attorney

By:       /s/
                Laura-Kate Bernstein
                Andrea G. Duvall
                Special Assistant United States Attorneys

                Maya D. Song
                Assistant United States Attorney

                United States Attorney's Office
                Eastern District of Virginia
                2100 Jamieson Avenue
                Alexandria, Virginia 22314-5794
                Phone: (703) 299-3949
                Fax: (703) 299-3980
                Email:  Laura-Kate.Bernstein2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th of May, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing ("NEF") to the following counsel of record:

Patrick Nicholas Anderson, Esq.
333 N. Fairfax Street, Suite 310
Alexandria, VA 22314
(703) 519-7100
Email: panderson@pnalaw.com

In addition, I emailed a copy to the following U.S. Probation Officer assigned to this matter:

Cynthia Suter
Senior U.S. Probation Officer
Phone: (703) 299-2329
Email: Cynthia_Suter@vaep.uscourts.gov

Respectfully submitted,

Dana J. Boente
United States Attorney

By:  _____/s/_____
Maya D. Song
Assistant United States Attorney