UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 1:06-CR-205 |
| v. | ) |
| | ) Hon. James C. Cacheris |
| DAVID A. KAYE, | ) |
| | ) Hearing: September 17, 2015 |
| Defendant. | ) |

### GOVERNMENT'S POSITION WITH RESPECT TO DEFENDANT'S SUPERVISED RELEASE VIOLATIONS

The United States of America, by and through undersigned counsel, pursuant to 18 U.S.C. § 3583 and Rule 32.1 of the Federal Rules of Criminal Procedure, submits this memorandum on the supervised release violations of DAVID A. KAYE (hereinafter, "the defendant"). The defendant violated the terms and conditions of supervised release by accessing the Internet without prior approval of his Probation Officer. In this instance, he did so within one day of completing three months incarceration due to his most recent previous supervised release violation.

The United States recommends that this Court continue the defendant on supervised release, impose a term of imprisonment of six months, and impose three additional conditions of supervised release: first, the defendant shall provide the probation officer with access to any requested financial information; second, the defendant shall not open additional lines of credit or enter into contracts (including but not limited to cellular telephone or Internet data plan contracts) without the approval of the probation officer; and third, the defendant shall satisfactorily participate in a mental health treatment program approved by the probation officer, which may include evaluation, counseling, and testing as deemed necessary by the probation

1

officer. The United States has consulted with the defense, which has stated it does not intend to oppose the imposition of six months incarceration, the continuation of supervised release, or the addition of the three new proposed conditions.

### A. Background

In September 2006, following a bench trial, the defendant was found guilty of coercion and enticement, in violation of 18 U.S.C. § 2422(b), and travel with intent to engage in illicit sexual contact, in violation of 18 U.S.C. § 2423(b). These convictions were based on the defendant's conduct in 2005: he engaged in sexually explicit conversations online with someone he thought was a thirteen-year-old boy; based on those conversations, he drove from Maryland to Virginia to have sex with the purported child. When the defendant arrived at his destination, he discovered that he had been the subject of a "sting" operation. In December 2006, this Court sentenced the defendant to a combined term of 78 months of imprisonment, followed by ten years of supervised release.

In January 2012, the defendant began his term of supervised release. The terms of his supervised release include special conditions prohibiting the defendant from possessing or using a computer to access any online computer services without the prior approval of the probation officer, and from possessing any pornographic material.

The instant Petition is the third Petition on Supervised Release. On June 26, 2013, Senior U.S. Probation Officer Cynthia Suter submitted a Petition on Supervised Release (hereinafter, "First Petition"), stating that the defendant had violated two special conditions of his supervised release. First, the defendant arranged for software to be installed on his computer without first getting permission from his probation officer. That software disabled the Probation Office's

computer monitoring software. Second, the defendant admitted that he viewed and responded to Craigslist advertisements that contained pornographic images.

On September 27, 2013, this Court found the defendant to be in violation of his supervised release. His supervised release was revoked. This Court imposed a new 10-year term of supervised release, with the additional conditions that the defendant serve five days of incarceration and that he be banned from any access to computers or Internet device without the prior approval of the probation officer.

On April 8, 2015, Officer Suter submitted a Second Petition on Supervised Release (hereinafter "Second Petition"), again alleging that the defendant violated two special conditions of his supervised release. First, the Second Petition alleges that the defendant violated the special condition that prohibits him from accessing the Internet without the prior approval of his probation officer. The defendant is supervised by U.S. Probation Officer Jessica Turro in the District of Maryland. During a March 2, 2015, meeting with the defendant at his treatment provider's office, Officer Turro discovered that the defendant was in possession of an Internet-connected Apple iPhone. Officer Turro did not have prior knowledge that the defendant possessed the iPhone, nor had she granted him permission to access the Internet from the device.

On April 3, 2015, while conducting computer monitoring, Officer Turro discovered that the defendant was using unapproved Internet-capable devices to access the Internet. Officer Turro conducted a home visit and discovered that the defendant possessed multiple Internet-capable devices, including a Samsung Galaxy S-5 smartphone, a Verizon Ellipsis tablet, and a Nook E-Reading device. A Verizon Service Agreement for the Samsung Galaxy S-5 smartphone dated August 9, 2014, and a receipt for purchase of the Nook dated March 19, 2013, were also

recovered. During this home visit, the defendant admitted to Officer Turro that he used the devices to engage in sexually explicit conversations with unknown men.

In addition, the Second Petition alleges that the defendant violated the special condition that prohibits him from possessing pornography. During the home visit described above, Officer Turro discovered two adult pornography DVDs at the defendant's residence.

On May 14, 2015, this Court ordered that the defendant would be continued on supervised release and serve a period of three months' incarceration. The Court also imposed the condition that the defendant must return to therapy and treatment with Dr. Weiner, and that the defendant not use computers or the Internet without prior approval of the Probation Officer.

### B. Current Violation

The defendant committed the pending violation by accessing the Internet without prior approval of Officer Turro. According to Officer Turro, this took place starting within one day of the defendant's release from three months' incarceration on July 9, 2015. The defendant admitted using the Internet to check e-mail, for banking, and to search for employment. Officer Turro's independent review of the defendant's Internet usage indicates that the defendant accessed websites including Craigslist, Sexual Compulsives Anonymous, various cellular telephone plan information, Walmart, Home Depot, local animal shelter websites, and a social media website named Zorpia.

Any unapproved Internet access by the defendant constitutes a clear and knowing violation of this Court's orders for the third time. In addition, certain of these websites indicate particular risks. For example, the defendant's access to Craigslist proved problematic in the past, in that he had viewed and responded to Craigslist advertisements that contained pornographic images. According to Officer Turro, the defendant has stated that anonymous sexual encounters

with adults had a tendency to put him in a mindset of committing sexual offenses with juveniles. For this reason, access to Craigslist and the social media service Zorpia are of particular concern.

### C. Legal Standard

A supervised release revocation hearing is not a formal trial, and to revoke a defendant's supervised release, a court need only find a violation by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3). Supervised release revocation hearings are informal proceedings in which the rules of evidence need not be strictly observed. *Morrisey v. Brewer*, 408 U.S. 471, 484 (1972). Upon finding that a defendant has violated a condition of supervised release, a court may (i) revoke supervised release and impose a term of imprisonment authorized by statute; (ii) under certain conditions, extend the term of supervised release; or (iii) modify, reduce, or enlarge the conditions of supervised release. *Id.* §§ 3583(e)(1)–(3).

In considering what action to take upon a violation of supervised release, courts are to consider, to the extent applicable: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for adequate deterrence; (iii) the need to protect the public from further crimes of the defendant; (iv) the need to provide the defendant with training or treatment; (v) applicable guidelines issued by the Sentencing Commission; (vi) pertinent policy statements issued by the Sentencing Commission; (vii) the need to avoid unwarranted sentencing disparities; and (viii) the need to provide restitution to victims. *Id.* §§ 3553(a), 3583(e). Where a court revokes supervised release and imposes a term of imprisonment, it may impose another period of supervised release after imprisonment. 18 U.S.C. § 3583(h).

The U.S. Sentencing Guidelines provide non-binding policy statements regarding supervised release violations. U.S.S.G. § 7A1; *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995).

## D. Analysis

When, as here, the underlying offenses are Class B felonies, the statutory maximum term of imprisonment is three years.[1] In this case, the defendant's violations constitute Grade C violations under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2). At the time of sentencing, the defendant's criminal history fell into Category I of the Guidelines. Under the Guidelines, Grade C violations and a Criminal History Category I suggest a term of imprisonment of three to nine months. *See* U.S.S.G. § 7B1.4(a).

## E. Recommendation

The United States respectfully recommends that this Court find the defendant in violation of the conditions of his supervised release and impose a period of six months of incarceration. This recommendation, which the defendant does not oppose, is double that imposed by the Court following the previous recommendation. This reflects the seriousness of the defendant's continued pattern of violating this Court's orders, beginning almost immediately upon release. The defendant's access to the Internet has not been absolutely prohibited, but it must be properly overseen by the Probation Officer, in order to prevent illegal behavior and, in addition, to prevent legal behaviors that for this defendant constitute a slippery slope toward illegal behavior. The previously imposed periods of five days and three months incarceration have not deterred the defendant. A period of six months is within the Guidelines range while significantly ratcheting up the severity of the sanction, commensurate with the continued violations.

In addition to the recommended period of incarceration, the United States recommends and the defense will not oppose the imposition of three additional terms of supervision. First, that

---

[1] At the time of the defendant's conviction, both of his statutes of conviction were Class B felonies. Section 2422(b) has since been amended to provide a maximum penalty – and in some instances, a mandatory penalty – of life imprisonment, making it a Class A felony.

the defendant shall provide the probation officer with access to any requested financial information. The first additional condition would increase the Probation Officer's ability to monitor acquisitions of Internet-enabled equipment or subscriptions to online services by the defendant. Second, that the defendant shall not open additional lines of credit or enter into contracts (including but not limited to cellular telephone or Internet data plan contracts) without the approval of the probation officer. The second additional condition provides another constraint on the defendant's ability to enter financial arrangements which enable illegal behaviors. Finally, that the defendant shall satisfactorily participate in a mental health treatment program approved by the probation officer, which may include evaluation, counseling, and testing as deemed necessary by the probation officer. Although the defendant has been undergoing a sex-offender treatment program, the existing treatment program has not addressed all of the concerns raised by the defendant's continued unwillingness or inability to comply with the terms and conditions of supervised release. Allowing the Probation Officer to facilitate an assessment and treatment program would bolster this Court's ability to help the defendant successfully complete supervised release and become a fully functioning member of society.

    The United States has consulted with the defense, which has stated it does not intend to oppose the imposition of six months incarceration, the continuation of supervised release, or the addition of the three new proposed conditions.

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By:        /s/
        Joshua D. Champagne
        Virginia State Bar #85743
        Attorney for the United States
        United States Attorney's Office
        Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: (703) 299-3872
        Fax: (703) 299-3980
        E-mail: Joshua.D.Champagne@usdoj.gov

        Gene Rossi
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Patrick N. Anderson
    Patrick N. Anderson Law Office
    333 N. Fairfax Street
    Suite 310
    Alexandria, VA 22314
    Phone: (703) 519-7100
    Email: panderson@pnalaw.com

In addition, I hereby certify that on the 9th day of September, 2015, I will email a copy of the foregoing to the following address:

    Cindy C. Suter
    Senior U.S. Probation Officer
    401 Courthouse Square
    3rd Floor
    Alexandria, Virginia 22314-5797
    Phone: (703) 299-2329
    E-mail: Cynthia_Suter@vaep.uscourts.gov

                        Respectfully submitted,

                        Dana J. Boente
                        United States Attorney

            By:        /s/
                        Joshua D. Champagne
                        Virginia State Bar #85743
                        Attorney for the United States
                        United States Attorney's Office
                        Eastern District of Virginia
                        2100 Jamieson Avenue
                        Alexandria, Virginia 22314
                        Phone: (703) 299-3872
                        Fax: (703) 299-3980
                        E-mail: Joshua.D.Champagne@usdoj.gov

                        Gene Rossi
                        Assistant United States Attorney