Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA



FILED
OCT 16 2017
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

U.S.A. vs. David A. Kaye          Docket No. 1:06CR00205-001

### Petition on Supervised Release

COMES NOW Barry E. Raymond, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of David A. Kaye, who was placed on supervision by the Honorable James C. Cacheris, Senior United States District Court Judge sitting in the Court at Alexandria, Virginia, on the 1st day of December, 2006, who fixed the period of supervision at 10 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

1) the defendant shall participate in a program approved by the United States Probation Office for treatment and monitoring of sex offenders, with partial costs to be paid by the defendant, all as directed by the probation officer; 2) the defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment. The costs of these programs are to be paid by the defendant, as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the U.S. Probation Office and authorized communication between the probation officer and the treatment provider; 3) the defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer;

Continued on Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Returnable Date:** November 14, 2017 @ 10:00 A.M. - TDD

## ORDER OF COURT

Considered and ordered this 16th day of Oct, 20 17 and ordered filed and made a part of the records in the above case.

_Claude M. Hilton_
U.S. District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: October 13, 2017

_Barry E. Raymond_   Barry E. Raymond
2017.10.13 16:05:15 -04'00'

Barry E. Raymond
Senior U.S. Probation Officer
(703) 366-2133

Place: Manassas, Virginia

**TO CLERK'S OFFICE**

**Petition on Supervised Release**
Page 2
RE: KAYE, David A.

Special Conditions (continued):

4) the defendant shall submit to polygraph testing as directed by the U.S. Probation Officer as part of his sex offender therapeutic program. The costs of the testing are to be paid by the defendant, as directed by the probation officer; 5) the defendant shall submit to penile plethysmograph testing as directed by the U.S. Probation Office as part of the defendant's sexual offender therapeutic treatment. The costs of testing are to be paid by the defendant, as directed by the probation officer; 6) the defendant shall not possess or use a computer to access online computer service at any location, including employment, without prior approval of the probation officer. This includes any internet service providers, bulletin board systems, or any other public or private computer network; 7) the defendant shall not accept any paid or volunteer positions involving children; 8) the defendant shall not have access to any pornographic material or pictures displaying nudity or any magazines using juvenile models or pictures of juveniles under the age of 18; 9) the defendant shall not be in the presence of children under the age of 18 without another responsible adult being present in the home or area; 10) the mandatory drug testing provisions of 18 U.S.C § 3563(a)(5) are waived upon the court's finding that the offense conviction is not drug-related, there is no current or past history of substance abuse, and there is a low risk of future substance abuse by the defendant. However, this does not preclude the probation officer from administering drug tests as he/she deems appropriate; 11) the defendant shall pay special assessment fees of $200 (Satisfied).

OFFENSE: Count 1: Coercion and Enticement (Felony), in violation of Title 18, U.S.C., § 2422(b); Count 2: Travel With Intent to Engage in Illicit Sexual Contact (Felony), in violation of Title 18, U.S.C., § 2423(b)

SENTENCE: 60 months imprisonment on Count 1, and 78 months imprisonment on Count 2, to run concurrently, with credit for time served. 10 years supervised release on Count 1, and 5 years supervised release on count 2, to run concurrently. Special conditions as noted above.

VIOLATION: Mr. Kaye appeared before the Court for a violation hearing on September 27, 2013. He was found in violation of the conditions of his supervised release and sentenced to 5 days of intermittent confinement, to be followed by 10 years of supervised release with all previously imposed conditions to remain in effect. Your Honor also added a special condition as follows: The defendant is banned from having any access to computers or internet devices, without the prior approval of probation.

VIOLATION: On April 7, 2015, a violation petition and warrant request was submitted to the Court for alleged violations of supervised release. On April 8, 2015, a warrant was issued for Mr. Kaye, who was arrested on this warrant on April 9, 2015. On May 14, 2015, Mr. Kaye appeared before the Court for a violation hearing. On that date, Mr. Kaye was sentenced to 3 months incarceration with the Bureau of Prisons, to be followed by 10 years of supervised release. An additional condition was added which ordered that the defendant may not use a computer or the internet without prior approval of the Probation Officer. The defendant was further ordered to return to therapy and treatment with Dr. Ronald Weiner, and a report updating the Court on the defendant's progress was to be submitted for review. All other terms and conditions previously imposed remain in full force and effect.

VIOLATION: On July 15, 2015, a violation petition and warrant request was submitted to the Court for alleged violations of supervised release. On July 16, 2015, a warrant was issued for Mr. Kaye, which was served on July 17, 2015.

**Petition on Supervised Release**
Page 3
RE: KAYE, David A.

On September 17, 2015, Mr. Kaye appeared before the Court for a violation hearing. On that date, he was committed to the Bureau of Prisons for a period of 6 months, with credit for time served, and 10 years supervised release to follow. The following three conditions were added: 1) Defendant shall provide the probation officer with access to any requested financial information; 2) Defendant shall not open additional lines of credit or enter into contracts (including but not limited to cellular telephone or internet data plan contracts); and 3) Defendant shall satisfactorily participate in a mental health treatment program approved by the probation officer, which may include evaluation, counseling, and testing as deemed necessary by the probation officer. All other terms and conditions previously imposed remain in full force and effect.

On April 15, 2016, the following additional condition of supervision was imposed after it was determined Mr. Kaye had opened a line of credit for dental work and purchased a vehicle without obtaining permission from his probation officer prior to opening these credit accounts: 1) The defendant shall reside for a period of 60 days in a Residential Re-entry Center (RRC), Halfway House, or similar residential facility as directed by the probation officer and shall observe the rules of that facility. Mr. Kaye successfully completed this 60-day term in an RRC on July 11, 2016.

ADJUSTMENT TO SUPERVISION: As Mr. Kaye is currently residing in Rockville, Maryland, he is being supervised by Senior United Stated Probation Officer Jessica Turro with the U.S. Probation Office for the District of Maryland. Mr. Kaye is employed part-time with Penn Parking in Silver Spring, Maryland, and also with the Jewish Funeral Practices Committee of Greater Washington. His adjustment can be described as poor based on new violations that have been reported to our office.

VIOLATIONS: The following violation is submitted for the Court's consideration.

**SPECIAL CONDITION:** DEFENDANT SHALL NOT OPEN ADDITIONAL LINES OF CREDIT OR ENTER INTO CONTRACTS (INCLUDING BUT NOT LIMITED TO CELLULAR TELEPHONE OR INTERNET DATA PLAN CONTRACTS)

On October 3, 2017, Officer Turro reviewed a credit report that was dated September 29, 2017, which reflected that 5 new accounts had been opened by Mr. Kaye. New account information was listed on the credit report as follows: #2-Montgomery County Em-Revolving Credit card opened on April 5, 2017; #3-Montgomery County Em-Credit Card opened on April 5, 2017; #4-SYNCB/Amazon PLCC-Revolving Charge Account opened on April 8, 2017; #16-Chase Card-Revolving Flexible Spending Credit Card opened on April 8, 2017; and #17-Barclays Bank Delaware-Revolving Credit Card opened on April 10, 2017.

Officer Turro contacted Mr. Kaye regarding the above accounts. He admitted to opening accounts #2 and #3 (Montgomery County Em) as "they were in his building and were easily accessible." He added that he must have failed to mention this to Officer Turro and had not provided her with monthly account statements.

Mr. Kaye stated that he did not recall opening account #4(SYNCB/Amazon), but stated to her that it was possible he did.

Mr. Kaye denied opening new accounts for #16 (Chase Card) and #17 (Barclays Bank Delaware), as these were simply old accounts that had been continued.

**Petition on Supervised Release**
Page 4
RE: KAYE, David A.

Mr. Kaye did not inform Officer Turro of these new accounts until questioned several months after the fact and he did not have permission from his probation officer to open the accounts.


BER/iyh